J-S73023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT LEONARDO GEORGE | : | |
| | : | |
| Appellant | : | No. 1171 MDA 2019 |

Appeal from the Judgment of Sentence Entered June 19, 2019
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0000286-2019,
CP-35-CR-0000757-2019

BEFORE:  SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                **FILED JANUARY 31, 2020**

Robert Leonardo George appeals from the judgment of sentence, imposed in the Court of Common Pleas of Lackawanna County, after he entered guilty pleas, at two different docket numbers, to various theft-related charges.  Counsel also seeks to withdraw her representation pursuant to *Anders v. California*, 386 U.S. 738 (1967), *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981), and their progeny.  We quash.

The trial court briefly set forth the facts of this matter as follows:

On March 22, 2019, [George] pled guilty to one count of retail theft in case no. 19-CR-286.  The charges arose on October 9, 2018 when [George] stole electronics from the Walmart Store in Dickson City.  On May 17, 2019, [George] pled guilty to one count of receiving stolen property, and one count of accessing a device issued to another who did not authorize its use in case no. 19-CR-757.  The charges in 19-CR-757 arose on November 12, 2018, when [George] broke into and unlawfully took property from a

number of motor vehicles in Moosic, and used a stolen debit card taken from one of the cars at several locations.

Trial Court Opinion, 9/16/19, at 1-2.

On June 19, 2019, George was sentenced at both docket numbers to an aggregate term of 18 to 60 months' incarceration. George filed a motion for reconsideration of sentence, which the court denied on July 10, 2019. George filed a timely notice of appeal on July 15, 2019, followed by a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On appeal, George challenges the discretionary aspects of his sentence.

Before we may consider any substantive claims on appeal, however, we must first determine whether the notice of appeal was properly filed. Although he appeals from judgments of sentence entered at two different docket numbers, George filed only one notice of appeal, listing both docket numbers. Consequently, on August 19, 2019, this Court issued a rule to show cause for George to explain why we should not quash the appeal based on our Supreme Court's decision in **Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018) (holding that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases"). Counsel for George filed a response to the Rule, in which she conceded that George filed a single notice of appeal, distinguished the instant matter from **Walker**, and asserted that "[t]he mandates of judicial economy would be served if this [C]ourt considers the present appeal[.]" Response to Rule to Show Cause, 8/22/19, at ¶ 3.g. This Court discharged the rule to show cause

and referred the matter to the merits panel. Thus, before addressing George's substantive claim, we first must determine whether his notice of appeal complies with Pa.R.A.P. 341 and **Walker**.

The Official Note to Rule 341(a) provides, in relevant part, as follows:

> Where . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed. **Commonwealth v. C.M.K.**, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

In **Walker**, our Supreme Court held that, pursuant to Rule 341, "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." **Walker**, 185 A.3d at 971. Our Supreme Court concluded that "[t]he Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal. . . . <u>The failure to do so requires the appellate court to quash the appeal</u>." **Id.** at 976-77 (emphasis added). Our Supreme Court applied its holding prospectively to appeals filed after June 1, 2018, the date **Walker** was decided.

Our review discloses that George filed one notice of appeal, on July 15, 2019, listing both lower court docket numbers. The notice of appeal is contained only in the certified record for case no. 19-CR-286. Accordingly, George has failed to comply with Rule 341(a) and our Supreme Court's

decision in **Walker**. Consequently, we are constrained to quash the instant appeal.

Appeal quashed. Petition to withdraw as counsel denied as moot.[1]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/31/2020

---

[1] Because we are not permitted to consider the substantive claims in this appeal pursuant to **Walker**, we are similarly unable to determine if George's appeal is wholly frivolous. Accordingly, we deny counsel's petition to withdraw as moot.